IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICOLAS MARTIN MORALES,

Petitioner,

vs.

TIM DECKER, Warden of Dakota County Jail, in their official capacities; SAM OLSON, ERO Field Office Director, ICE St Paul, in their official capacities; DAVID VENTURELLA, Acting Director, United States Immigration Customs Enforcement, in their official capacities; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacities; and TODD BLANCHE, Attorney General of the United States, in their official capacities;

Respondents.

**8:26CV460**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Nicolas Martin Morales's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination. Because Petitioner is subject to a reinstated removal order and therefore not eligible to be released on bond, the Court denies the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. Filing No. 6 at 3. He entered the United States at an unknown time and was ordered removed on September 15, 2012. Filing No. 6 at 3; Filing No. 6-3. Petitioner was deported to Guatemala via ICE Air Charter Flight on September 21, 2012. Filing No. 6 at 3. Petitioner reentered the United States without inspection sometime in 2013. Filing No. 1. On July 10, 2026, Petitioner was

arrested for driving while barred in Orange City, Iowa. Filing No. 6 at 4. ICE issued a detainer. Filing No. 6 at 4. Respondents issued a decision to reinstate the prior removal order on July 11, 2026, and Petitioner has remained detained at the Dakota County Jail in Nebraska ever since. Filing No. 6 at 4; Filing No. 6-2.

Petitioner files for habeas corpus relief, arguing his detention is unlawful and he must be released. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner was previously ordered removed. The INA addresses reinstatement of removal orders as follows:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5). Once a non-citizen has been ordered removed, "[d]uring the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A).

Petitioner argues his children have been granted Special Immigrant Juvenile Status, and he believes he may be eligible for immigration relief once they become lawful permanent residents. Filing No. 1 at 6. However, if there is a basis to challenge or reopen his prior removal order and seek relief, Petitioner's remedy lies with the immigration court, not the federal district court. *See* 8 U.S.C. § 1229a(b)(5)(C) (vesting the authority to rescind a removal order in the immigration judge in certain enumerated circumstances). There is no evidence Petitioner's prior removal order has been rescinded at this time. Thus, Petitioner is subject to a valid reinstated removal order and because of such order, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). Petitioner is therefore not entitled to be released, and the Court is without authority to order any other remedy. Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. The Court will enter a separate judgment.

Dated this 10th day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge